FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JERMAINE PARKER,

Petitioner,

v.

JUDGE MIKE McCORMICK; ATTORNEY GENERAL FOR THE STATE OF ALABAMA,

Respondents.

) CIVIL ACTION NO. 99-PWG-3413-S

ENTERED

APR 1 2 2000

MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

JerMaine Parker, hereinafter referred to as the petitioner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was indicted in the Circuit Court of Jefferson County of robbery in the first degree and attempted murder. Petitioner challenges the state court's denial of bond pending trial which is set for May 8, 2000.

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

Respondents allege that petitioner's claim is not exhausted. Specifically, respondents argue that while petitioner has filed several petitions for writ of mandamus in the state appellate court he "has never filed a petition for writ of habeas corpus in the state appellate courts." (Emphasis added). (Answer, p. 8). Respondents further argue that habeas corpus is the proper remedy under state law to challenge the denial or excessiveness of bail. In response, petitioner submits a case action summary

10

sheet indicating that petitioner filed a habeas corpus petition on December 30, 1998 which was denied January 4, 1999. Although petitioner has filed evidence that he filed a petition for writ of habeas corpus in the trial court, he has not alleged or produced evidence that he appealed the denial of his habeas petition. Further, petitioner has not provided the court with a copy of the habeas petition so that the court could determine whether the issues raised here were properly raised in state court.

The threshold issue to be resolved in federal habeas cases is whether petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted all state remedies or unless circumstances exist which render such process ineffective. 28 U.S.C. § 2254(b); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant,* 693 F.2d 1087, 1088 (11th Cir. 1982); *see also Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). This rule is a "codification of the federal judicial policy designed 'to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights.'" *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the state courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Sneed v. Blackburn*, 569 F.2d 854, 855 (5th Cir. 1978). Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on the merits. As the Court stated in *Sweet v. Cupp*, 640 F.2d

233, 237-238 (9th Cir. 1981), a petition for post-conviction relief which is denied by the state on procedural grounds does not exhaust state remedies since the petitioner can still utilize the appropriate procedure to afford the state courts the initial opportunity to address his claim on the merits. *Accord, Harris v. Superior Court*, 500 F.2d 1124, 1126 (9th Cir. 1974), *cert. denied*, 420 U.S. 973 (1975); *McQuown v. McCartney*, 795 F.2d 807, 810 (9th Cir. 1986); *Wallace v. Duckworth*, 778 F.2d 1215, 1223 (7th Cir. 1985). A "paper presentation" of claims is not sufficient exhaustion and the state appellate review must reach the merits of the claim. *Mobley v. Smith*, 443 F.2d 846, 848 (5th Cir. 1971).

It is unclear whether petitioner raised the claims in this petition in his December 30, 1998 habeas petition; however, it appears that petitioner did not appeal from the denial of the December 30, 1998 habeas petition. The court concludes that petitioner has failed to exhaust his available state court remedies.

Although the Supreme Court has admonished that *pro se* petitions of prisoners be treated liberally and with tolerance, *Haines v. Kerner*, 404 U.S. 519 (1972), the courts are not required to allow pro se litigants to avoid legal requirements which litigants represented by lawyers are expected to satisfy. Dismissal of petitioner's petition so that petitioner may avail himself of state remedies is "an exercise of judicial restraint appropriate to the traditions of our revered federalism." *Lamberti v. Wainwright*, 513 F.2d 277, 279 (5th Cir. 1975).

Petitioner may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the clerk. Failure to file written objections to the proposed findings and recommendations contained in this findings and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT

NECESSARY FOR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

Based on the foregoing the magistrate judge RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

As to the foregoing it is SO ORDERED this the 12th day of April, 2000.

PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE